## 18878

Minnie S. WILSON, Respondent, v. AMERICAN CASUALTY COMPANY and Modern Homes Construction Company, of which American Casualty Company is, Appellant.

(166 S. E. (2d) 797)

*Messers. Burroughs & Green,* of Conway, *for Appellant,*

*Winston W. Vaught, Esq.,* of Conway, *for Respondent,*

February 21, 1969.

Lewis, Justice.

This is an action to recover payments allegedly due under a policy of insurance issued by defendant, American Casualty Company, to the plaintiff, under which defendant agreed to

pay to the holder of a mortgage on plaintiff's home the monthly payments required under the mortgage, in the event plaintiff became totally disabled and for such period as disability continued. In addition, plaintiff seeks recovery of the expenses incurred by her as a result of a foreclosure action allegedly instituted because of a prior refusal of defendant to make the mortgage payments in accordance with the policy terms. There have been prior actions to recover under the policy and the complaint contained allegations of such fact. This appeal concerns the relevancy of the allegations, and proof admitted thereunder, concerning the prior actions between the parties and the expenses incurred in the foreclosure action.

Plaintiff became totally disabled in 1962 and this is the third action brought to require defendant to continue the mortgage payments as agreed under the policy. Plaintiff's claim of continued total disability has been rather consistently denied and contested by defendant without success. Paragraphs 6 through 9 of the complaint contained allegations with reference to these prior actions between the parties, including allegations that plaintiff was previously required to pay the expense of a foreclosure action, including attorney's fees, because of a prior refusal of defendant to make the mortgage payments. It appears from these allegations that, after the original proof of disability, defendant made the mortgage payments through April 12, 1963. Thereafter defendant refused to make subsequent payments and the mortgage payments became in arrears, resulting in the institution of foreclosure proceedings. Plaintiff then began an action against the defendant, which resulted in the resumption of the mortgage payments by the defendant to April 12, 1964. After these payments by defendant, the foreclosure action was ended, upon the additional payment by plaintiff of the expenses of the action including attorney's fees to the mortgagee's attorney, presumably as required by the default provisions of the note and mortgage. Thereafter defendant again refused to make further payments, and

plaintiff brought another action to require that the payments be made. That action resulted in judgment against defendant for the payments due through January 29, 1965. When defendant again refused to pay, this action was instituted to recover the amounts allegedly due since January 29, 1965, and also the expenses, including attorney's fees, incurred as a result of the institution of the above mentioned foreclosure action.

Defendant moved, before trial, to strike the foregoing allegations of paragraphs 6 through 9 of the complaint upon the ground that they were irrelevant, immaterial and prejudicial. The motion was refused and the case proceeded to trial during which evidence to sustain the foregoing allegations was admitted over the objection of defendant. The trial was held in December, 1966, and resulted in a verdict against defendant in the amount of $1,160.46, of which $456.00 admittedly represented recovery for the expenses incurred by plaintiff in the prior foreclosure proceeding and the balance for the mortgage payments due from January 29, 1965, to December 1, 1965.

Defendant has appealed under exceptions which challenge the relevancy of the foregoing allegations of paragraphs 6 through 9 of the complaint, and the evidence admitted thereunder, upon two grounds. It is first contended that, since this was an action on the policy of insurance, the only issue in the case concerned the disability of plaintiff during the period covered by this action, and allegations and proof of what transpired with reference to the determination of prior claims of plaintiff for different periods was irrelevant, immaterial, and prejudicial. Secondly, defendant contends that the expense incurred by plaintiff as a result of the institution of the foreclosure action was not a proper element of damage in this action and that the allegations appropriate to such recovery should have been stricken.

The exceptions which charge error in the refusal to strike the allegations relative to the prior actions between the par-

ties are overruled. The irrelevancy of these allegations does not clearly appear from the pleadings and the relevancy of the testimony offered in proof thereof, or its prejudicial effect, if any, could only be determined in the light of the trial record which includes only the pleadings and none of the testimony.

The burden is on an appellant to present sufficient record from which this Court can determine whether the lower court erred in the respects charged; and where, as here, the exceptions require consideration of the trial evidence, which is not included in the record, such exceptions will not be considered.

However the exceptions which charge error in refusing to strike references to the expenses and attorney's fees incurred in the foreclosure action fall within a different category. These allegations clearly show that they relate to a claim totally disconnected from the present action. This is an action on the insurance policy. The basic issue concerned the disability of plaintiff since January 29, 1965. The liability of defendant for the alleged expenses and attorney's fees, if any, arose because of the refusal to make the mortgage payments during a different period. That claim involved a different cause of action and basis of liability. The alleged expenses and attorney's fees were not proper elements of damage in this action and allegations thereabout should have been stricken as irrelevant.

We do not understand that the defendant's position encompasses the question as to its possible liability in an appropriate action for the expenses and attorney's fees here claimed, but only that they are not recoverable in this action. Our decision is limited to the latter question.

The effect of this decision is to eliminate the severable item included in the verdict for expenses and attorney's fees, the amount of which is not in controversy. The verdict was in the total amount of $1,160.46. The elimination of the item for expenses and attorney's fees, admittedly $456.00

leaves the verdict against defendant in the amount of $704-.46. To the latter extent the judgment is affirmed, otherwise it is reversed.

Affirmed in part and reversed in part.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.