## 18883

The STATE, Respondent, v. Ray C. WALKER, Appellant

(166 S. E. (2d) 209)

*Messrs. Blease, Griffith & Stone,* of Newberry, and *Burts, Turner & Hammett and Christ Christ,* of Spartanburg, *for Appellant,*

*William T. Jones, Esq., Solicitor,* of Greenwood, *for Respondent,*

March 3, 1969.

BUSSEY, Justice.

Defendant-appellant was indicted under two indictments, neither of which is contained in the record. In substance it appears that in each of the indictments he was charged in separate counts with resisting an officer, or resisting arrest; assault and battery with intent to kill, and carrying a concealed weapon. He appeared represented by retained counsel and, with respect to both indictments, entered a plea of guilty to the charges of resisting an officer, or resisting arrest, and assault and battery of a high and aggravated nature. The sentence of the court was:

"* * * that Ray C. Walker be confined upon the public works of Newberry County or the State Penitentiary for three years, suspended upon the serving of twelve (12) months and three years probation on both indictments, both indictments to run concurrently."

Defendant now contends that in each instance his acts of resisting an officer and assault and battery of a high and aggravated nature were inseparable from each other and constituted identical acts, and, hence, that it was error to sentence him to a single general sentence on the separate counts in the indictments, charging separate offenses. Such contention was not made below and is raised for the first time on appeal. It is based solely on the decision of this court in the case of *State v. Hollman*, 232 S. C. 489, 102 S. E. (2d) 873. There are a number of distinguishing factors between that case and the instant case which we need not deal with in detail. In that case two justices concurred in the main or controlling opinion, one concurred only in its result, and two justices dissented. Due to such circumstances, the value of that decision as a precedent is,

at best, questionable. *Hyder v. Metropolitan Life Ins. Co.,* 183 S. C. 98, 190 S. E. 239; *Moseley v. American Nat. Ins. Co.,* 167 S. C. 112, 166 S. E. 94. In 20 Am. Jur. (2d) 530, Courts, Sec. 195, we find the following language: .

"A decision by an equally divided court does not establish a precedent required to be followed under the *stare decisis* doctrine. And where the members of the court unanimously or by a majority vote reach a decision but cannot, even by a majority, agree on the reasoning therefor no point of law is established by the decision and it cannot be a precedent covered by the *stare decisi* rule."

While the writer is aware of no decision contrary to the above quoted general rule, it is unnecessary to a decision of the instant case to determine the value, if any, of the Hollman decision as a precedent, or to consider which of the opinions in that case expresses the sounder view. .

We dispose of the principal contention of the defendant on the elementary ground that the question was not raised below, and since it does not go to the jurisdiction of the subject matter of the offenses charged and plead guilty to, defendant is not entitled to raise and have the issue considered on appeal.

Defendant also contends that he was not accorded due process of law and given a fair sentence because the presiding judge was under the impression that no person had the right to resist an arrest even if the arrest was illegal. Such contention is based on the construction placed by defendant's present counsel, retained subsequent to his sentence, upon certain language of the trial judge in the course of a colloquy between counsel and the court during a plea for leniency and mercy. We do not place upon the language used by the judge the same interpretation as does present counsel, but assuming that it is susceptible of such interpretation, there is still no merit in the contention for the simple reason that no contention was made either below or here that the arrest was in any sense illegal.

The defendant next asserts prejudicial error in that the trial judge disregarded mitigating and extenuating circumstances and in the course of colloquy with counsel stated a strong disposition against putting on probation persons who committed violent assaults upon police officers. Apparently defendant's real complaint is that the judge, in the light of the gross and violent conduct of the defendant, would not consider placing him on probation. The record shows that defendant plead guilty one afternoon, and the two highway patrolmen who were assaulted gave an uncontradicted narrative account of the facts, following which a plea for mercy by his retained counsel was heard. Sentence was deferred until the following morning, at which time additional counsel, retained overnight by the defendant, was heard in considerable detail as to all mitigating circumstances which could be offered in behalf of the defendant, and prior to sentencing the court invited further comment, not only from counsel but from various friends of the defendant in the room, as to anything further they might have to offer by way of extenuating or mitigating circumstances. We see no prejudicial error.

Lastly, it is argued that there is ample evidence in the record to indicate "defendant might have been a chronic alcoholic" and that there might have been an additional defense on this ground, and that there is thereby raised the question of whether defendant intelligently entered a plea of guilty, not having been fully advised of all of his possible defenses. Assuming, without at all deciding, that such a contention would be meritorious, if timely raised and supported by the record, here the record contains no factual support for such contention. To the contrary, the defendant, a resident of North Carolina, was at the time of sentencing 62 years of age and actively engaged in the logging business. He was represented by two different retained attorneys, and his two sons and the former Sheriff of Polk County, North Carolina, were present when he was sentenced. The court was advised that the defendant had no

prior criminal record, that he was a fine man in his community, and a good businessman. There was nothing to even remotely suggest that the defendant was a chronic alcoholic.

In conclusion, we add that the entire appeal might well have been dismissed because of the failure of counsel, in several particulars, to comply with Supreme Court Rule Number 8. We have, nevertheless, as a matter of grace, reviewed the record, considered all questions argued by the defendant, and concluded that the appeal is without merit.

Affirmed.

Moss, C. J., LEWIS and LITTLEJOHN, JJ., and CLARENCE E. SINGLETARY, Acting J., concur.