20780

The STATE, Respondent, v. Claude WINESTOCK, Appellant.
(248 S. E. (2d) 307)

474

*Stephen J. Henry,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia; and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

October 12, 1978.

*Per Curiam:*

Appellant Claude Winestock was convicted of violating Section 16-21-60(1) and (2), 1976 Code of Laws of South Carolina, and was sentenced to eighteen (18) months imprisonment.

The alleged error by which appellant seeks to have his conviction and sentence reversed is based on a purported colloquy between counsel and the trial judge that occurred after the jury returned its verdict. This colloquy is not included in the trial proceedings contained in the transcript of record. As a result of this omission, there is nothing before us against which we can measure the validity of appellant's assertion. As we stated in *Wilson v. American Casualty Co.,* 252 S. C. 393, 166 S. E. (2d) 797 (1969):

The burden is on an appellant to present sufficient record from which this Court can determine whether the lower court erred in the respects charged; and where, as here, the exceptions require consideration of the trial evidence, which is not included in the record, such exceptions will not be considered. 166 S. E. (2d) at 798.

Appellant has attempted to remedy this omission by including within the transcript of record an affidavit of trial counsel dated four months after the trial. This

affidavit states that the trial judge indicated to trial counsel that appellant would be sentenced as if he had been convicted of violating only Section 16-21-60(2).[1] The trial judge's counteraffidavit does not confirm this assertion.

Even if we accept trial counsel's affidavit as accurately reporting the colloquy between counsel and the trial judge, appellant's failure to timely object to or seek modification of his sentence in the lower court precludes him from presenting the question to this Court for the first time on appeal. *State v. Walker,* 252 S. C. 325, 166 S. E. (2d) 209 (1969).

Accordingly, the conviction and sentence are affirmed.

---

[1] The maximum sentence for violating Section 16-21-60(2) is one year or five hundred dollars or both.