21392

The STATE, Respondent, v. Kenneth SHUMATE, Appellant.

(275 S. E. (2d) 288)

*Asst. Appellate Defender David W. Carpenter,* of *S. C. Commission of Appellate Defense,* Columbia and *Asst. Public Defender Stephen J. Henry,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Lindy P. Funkhouser,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

February 17, 1981.

GREGORY, Justice:

Appellant Kenneth Shumate challenges the authority of the trial court to revoke in the manner prescribed appellant's probationary sentence previously imposed and admittedly violated. We affirm.

Appellant was convicted of forgery in 1977. He was sentenced under the Youthful Offender Act to serve an indeter-

minate sentence not to exceed six (6) years, suspended, and five (5) years probation. On January 21, 1980 appellant pleaded guilty to forgery (13 counts) before the trial judge and was sentenced to a term of seven (7) years confinement. Appellant does not question the validity of either sentence. The violation of the prior probationary sentence was not presented to the court for disposition at that time.

Thereafter, on March 13, 1980, appellant, then age 26, was brought before the court, a different judge presiding, by means of a probation warrant required by S. C. Code § 24-21-450 (1976), for a hearing to determine whether to revoke the prior probationary sentence. He was represented by counsel. The trial judge revoked the probationary sentence and imposed a term of confinement of eight (8) months, to run consecutively with the seven (7) years sentence. Appellant's only response was "Thank you, Your Honor."

A defendant's failure to timely object to or seek modification of his sentence in the trial court precludes him from presenting his objection for the first time on appeal. *State v. Winestock,* 271 S. C. 473, 248 S. E. (2d) 307 (1978) ; see cases collected at 7A, West's S. C. Digest, *Criminal Law,* key number 1042.

Appellant's contention was not advanced at the probation revocation hearing where the results were most favorable to him. By failing to object to or seek modification of the revocation sentence in the trial court he is now foreclosed from doing so on appeal.

Accordingly, we affirm the revocation of probation and sentence.

Affirmed.

Lewis, C. J., and Littlejohn, Ness and Harwell, JJ., concur.