## 1614

The STATE, Respondent v. Jerome BYNES, Appellant.

(403 S.E. (2d) 126)

Court of Appeals

*Asst. Appellate Defender Joseph L. Savitz, III, of S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen., Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Robert J. Harte,* Aiken, *for respondent.*

Heard Jan. 23, 1991; Decided Feb. 25, 1991.

Rehearing Denied March 19, 1991.

BELL, Judge:

Jerome Bynes was indicted for and pleaded guilty to two counts of forgery. The circuit judge sentenced him to seven years imprisonment on the first count and a consecutive seven year sentence for the second. The judge suspended the sentence for the second count upon the service of forty months, followed by five years' probation. With Bynes' consent, the judge ordered him, as a condition of probation, to pay restitution to the victims of his forgeries, including several forgeries for which he had not been indicted. Bynes now appeals that order, asserting the court lacked subject matter jurisdiction to require him to pay restitution on the forgeries for which he had not been indicted. We affirm.

Bynes correctly argues that unless a defendant waives grand jury indictment and pleads guilty, the court lacks subject matter jurisdiction to convict and sentence him for an offense when there is no indictment charging him with that offense. *State v. Beachum*, 288 S.C. 325, 342 S.E. (2d) 597 (1986). *But see State v. Hann*, 196 S.C. 211, 12 S.E. (2d) 720 (1940) (presentment of a grand jury is a condition precedent to the trial of a crime except in certain minor offenses). The argument, however, has no application under the facts of this case, since Bynes was neither convicted nor sentenced for offenses for which he had not been indicted. Viewed properly, this case involves the judge's sentencing authority, not his jurisdiction.

South Carolina Code Section 24-21-430 provides that a trial court "shall determine and may impose . . . conditions of probation and may include among them . . . any . . . condition not herein prohibited." S.C. Code Ann. § 24-21-430 (1976 & Supp. 1990). The statute does not prohibit imposition of the type of condition ordered and agreed to in this case. Furthermore, Section 17-25-125, which authorizes a judge to impose restitution as a condition of probation for crimes for which a defendant is sentenced, specifically states that "[n]othing contained herein shall preclude a judge from prescribing other conditions of probation." S.C. Code Ann. § 17-25-125 (1976).

■ A judge has discretion to impose any sentence which is within the limits prescribed by statute. *Stockton v. Leeke*, 269 S.C. 459, 237 S.E. (2d) 896 (1977). Absent a positive rule limiting this discretion, a judge acts properly in considering restitution for unindicted offenses as a condition of probation as long as the defendant knowingly consents to the judge's consideration of those crimes and there is some evidentiary basis for the amount of restitution ordered. *Cf. State v. Wilson*, 274 S.C. 352, 264 S.E. (2d) 414 (1980) (affirming judge's order of reparation to victim even though not expressly provided for by statute, but remanding for determination of amount as there was no evidentiary basis in the record for the amount ordered). This rule is recognized in other jurisdictions which have considered the issue. *E.g., State v. Gerald,* 57 Wis. (2d) 611, 205 N.W. (2d) 374, *app. dismissed,* 414 U.S. 804, 94 S. Ct. 148, 38 L. Ed. (2d) 40 (1973) (trial court did not deny defendant's due process rights when requiring as a condition of probation, to which the defendant agreed, that he make restitution for crimes for which he was not charged but which were "read in" to record pursuant to agreement that he not be prosecuted for them); *State v. Reese,* 124 Ariz. 212, 603 P. (2d) 104 (1979) (as condition of probation, judge has discretion to require defendant to pay restitution to victims of uncharged crimes where the defendant has admitted his responsibility therefor).

■ In this case, restitution for additional forgeries was part of Bynes' plea bargain. The solicitor stated in open court that if Bynes did not want to pay restitution for all of his forgeries he was prepared to seek indictments on each of the checks Bynes forged. The judge informed Bynes that he could either agree to pay the restitution and receive a reduced sentence and probation or face a fourteen year sentence for the two forgeries on which he had been indicted, without probation. Bynes consented to the restitution as a condition of his probation and signed the following statement:

> I agree to make restitution as ordered on this form. I recognize I have not been charged on all checks, but I agree to make full restitution.

Bynes was at all times represented and advised by his lawyer, who appeared with him at the sentencing hearing. He

makes no claim that the plea agreement was coerced or was not intelligently and voluntarily entered. This being so, Bynes' consent to full restitution as a condition of his probation precludes him from challenging the condition on appeal. *See State v. Shumate,* 276 S.C. 46, 275 S.E. (2d) 288 (1981) (defendant's failure to object to sentence at time it is imposed precludes challenging it on appeal).

Accordingly, the judgment is

Affirmed.

GARDNER and CURETON, JJ., concur.