489 S.E.2d 228

**The STATE, Respondent,**

v.

**Karen L. JOHNSTON, Appellant.**

No. 2684.

Court of Appeals of South Carolina.

Heard April 9, 1997.

Decided June 16, 1997.

Rehearing Denied Aug 29, 1997.

Assistant Appellate Defender M. Anne Pearce, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Caroline Callison Tiffin, Columbia; and Solicitor W. Townes Jones, IV, Greenwood, for respondent.

## ORDER SUBSTITUTING OPINION

PER CURIAM:

The court granted the appellant's petition for rehearing in this case. After hearing oral arguments, it is hereby ordered that Opinion No. 96-UP-229 is withdrawn and the attached opinion is substituted.

/s/ C. Tolbert Goolsby, Jr., J.

/s/ Thomas E. Huff, J.

/s/ William L. Howard, Sr., J.

HOWARD, Judge:

Karen Johnston was convicted of simple possession of marijuana and conspiracy to possess marijuana with the intent to distribute. She received a ten year concurrent sentence on the conspiracy charge, which facially appears to exceed the

maximum allowable sentence under the facts of this case. Johnston raises this issue for the first time on appeal, arguing the trial court exceeded its subject matter jurisdiction by rendering an illegal sentence. This case was originally affirmed in a Rule 220(b), SCACR, opinion. We granted Johnston's petition for rehearing, and after argument adhere to our original decision to affirm, but substitute this opinion.

■ The State concedes S.C.Code Ann. § 44–53–420 (Supp. 1996) sets the maximum sentence at one-half the penalty for the substantive offense, or five years in this case.[1] However, the State maintains a sentence exceeding the maximum allowable statutory penalty does not raise a question of subject matter jurisdiction, and thus, is not preserved for appeal absent objection in the trial court. We agree with the State, and affirm.

## ISSUE

Can the illegality of a sentence which exceeds the statutory maximum allowable be raised for the first time on direct appeal?

## FACTS

Johnston was sentenced immediately following her conviction by a jury for conspiracy to possess marijuana with the intent to distribute. The trial judge sentenced her to ten years. South Carolina Code Ann. § 44–53–420 provides a maximum sentence of one-half the penalty for the substantive offense. The substantive offense in this case, possession with the intent to distribute marijuana, carries a maximum penalty under S.C.Code Ann. § 44–53–370(b)(2) (Supp.1996) of ten years for a second offense. Therefore, the maximum allowable sentence for conspiracy is one-half of ten years, or five years.

The record does not reflect any objection to the sentence, either at the time rendered or on any motion to reconsider. Therefore, the only way it can be addressed by us on direct appeal is if it is jurisdictional. *See State v. Funderburk*, 259

---

1. Johnston concedes this is her second offense.

S.C. 256, 191 S.E.2d 520 (1972) (The issue of subject matter jurisdiction may be raised at any time.)

■ Subject matter jurisdiction may be raised at any time because it is the duty of the court to assure that it renders no decision in a matter when it has no authority to act. *See State v. Castleman,* 219 S.C. 136, 139, 64 S.E.2d 250, 252 (1951) ("[B]ut we think that we should raise the question of jurisdiction on our own motion, so as to preserve the orderly administration of justice and to prevent the punishment of the defendant under the present sentence."); *American Agric. Chem. Co. v. Thomas,* 206 S.C. 355, 362, 34 S.E.2d 592, 595 (1945) ("The jurisdiction of a Court over the subject-matter of an action depends upon the authority granted to it by the Constitution and laws of the State, and is fundamental.") This is true irrespective of the desires of the parties to the litigation. *State v. Douglas,* 245 S.C. 83, 138 S.E.2d 845 (1964); *see Castleman,* 219 S.C. at 138–39, 64 S.E.2d at 251 ("A defendant may, of course, waive his objection to the jurisdiction of the Court over his person, but he cannot by his consent, or by his failure to protest, confer upon a court authority to try him for a crime which the Legislature has expressly placed within the exclusive jurisdiction of another tribunal.")

However, once the court obtains subject matter jurisdiction then a sentence which exceeds the maximum allowable or is less than the minimum mandated is not a question of subject matter jurisdiction, but is properly described as a question of the judge's authority. *State v. Bynes,* 304 S.C. 62, 403 S.E.2d 126 (Ct.App.1991). This is so, even though a sentence exceeding the maximum allowed by statute raises a question of fundamental fairness. There are many instances when a claim involving fundamental rights is procedurally barred from review on direct appeal because it has not been raised at the trial level. *See, e.g., Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001,* 322 S.C. 127, 470 S.E.2d 373 (1996) (defendant was barred from appealing on the ground of double jeopardy where she failed to object on this ground at trial); *State v. Williams,* 321 S.C. 455, 469 S.E.2d 49 (1996) (failure to object to dismissal of juror in violation of *Batson* and *Georgia v. McCollum* constitutes a waiver of those issues on appeal); *State v. Franklin,* 318 S.C. 47, 456 S.E.2d 357 (1995) (failure to conduct a competency

hearing cannot be raised for the first time on appeal), *cert. denied,* —— U.S. ——, 116 S.Ct. 160, 133 L.Ed.2d 103 (1995); *Hoffman v. Powell,* 298 S.C. 338, 380 S.E.2d 821 (1989) (appellants waived issue of whether the statute violated their right to a jury trial because they failed to raise it to the trial court); *Merriman v. Minter,* 298 S.C. 110, 378 S.E.2d 441 (1989) (issue of whether statute deprived inmate of his right to equal protection was not raised to the trial court, and therefore, not preserved for appeal); *State v. McKinney,* 278 S.C. 107, 292 S.E.2d 598 (1982) (defendant failed to object to his guilty plea on the basis that it was not knowingly and intelligently given as required by *Boykin v. Alabama,* and thus, the issue was waived on direct appeal).

In *Hopkins v. State,* 317 S.C. 7, 451 S.E.2d 389 (1994), our supreme court held an amendment to an indictment which increases the penalty changes the nature of the offense and therefore deprives the court of subject matter jurisdiction. *See also Clair v. State,* 324 S.C. 144, 478 S.E.2d 54 (1996). Johnston argues these authorities in support of her position that subject matter jurisdiction is exceeded by a sentence which is greater than the maximum allowed by law. We find those cases distinguishable. In each of those matters the defendant was convicted and sentenced for offenses to which he had not been indicted. It was the lack of proper indictment which deprived the trial court of subject matter jurisdiction. *See State v. Beachum,* 288 S.C. 325, 342 S.E.2d 597 (1986). In this case, Johnston was tried, convicted and sentenced for the indicted offense of conspiracy to possess marijuana.

We are aware our supreme court vacated and remanded a similarly excessive sentence in *State v. Swaringen,* 275 S.C. 509, 273 S.E.2d 339 (1980). However, *Swaringen* does not address the issue of error preservation.

Johnston is not without remedy. South Carolina Code Ann. § 17–27–20 (1985) provides a procedural vehicle to correct a sentencing error which is not properly reviewable on direct appeal. In addition, our supreme court has made it abundantly clear that a writ of habeas corpus is still a constitutionally protected and statutorily provided mechanism to address a "denial of fundamental fairness shocking to the universal

sense of justice." *Pennington v. State,* 312 S.C. 436, 439, 441 S.E.2d 315, 316 (1994) (quoting *State v. Torrence,* 305 S.C. 45, 69, 406 S.E.2d 315, 328 (1991) (Toal, A.J., concurring)).

Where, as here, the error appears to be readily ascertainable, it presents an alluring invitation for immediate action. Not so, however, for other foreseeable circumstances in which one might argue a trial judge exceeded his or her sentencing authority. Because this alleged sentencing error does not raise an issue of subject matter jurisdiction, and in the absence of direction from our supreme court to the contrary, we adhere to the well-settled rule requiring that a matter be first raised to the trial judge before we will address it on direct appeal.

For the foregoing reasons, the conviction and sentence are **AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.