510 S.E.2d 423

The STATE, Respondent,

v.

Karen L. JOHNSTON, Petitioner.

No. 24874.

Supreme Court of South Carolina.

Heard Nov. 5, 1998.

Decided Jan. 4, 1999.

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles Molony Condon; Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott; Assistant Attorney General Caroline Callison Tiffin, all of Columbia; and Solicitor W. Townes Jones, IV, of Greenwood, for respondent.

TOAL, Justice:

In this criminal case, we granted certiorari to review the Court of Appeals opinion in *State v. Johnston*, 327 S.C. 435, 489 S.E.2d 228 (Ct.App.1997). We reverse and remand.

### FACTUAL/PROCEDURAL BACKGROUND

Karen Johnston ("Defendant") was convicted of possession of marijuana and conspiracy to possess marijuana with the intent to distribute. For the simple possession conviction, Defendant was sentenced to one year in prison and a fine of $2,000. For the conspiracy conviction, Defendant was sentenced to ten years in prison and a fine of $10,000. Defendant raised no objections at trial to the sentence imposed by the trial court.

On direct appeal, Defendant for the first time questioned the trial court's authority to impose a prison sentence of ten years for her conspiracy conviction. Defendant argued this issue could be raised for the first time on appeal because the trial court exceeded its subject matter jurisdiction by rendering a sentence exceeding the maximum allowed by law. In an unpublished opinion, the Court of Appeals affirmed Defendant's conviction pursuant to Rule 220(b), SCACR.[1] The Court of Appeals subsequently granted Defendant's petition for rehearing and substituted its unpublished opinion with a published opinion. In *State v. Johnston*, 327 S.C. 435, 489 S.E.2d 228 (Ct.App.1997), the Court of Appeals again affirmed Defendant's conviction and sentence. The court found that while the trial court's ten year sentence for Defendant's conspiracy conviction exceeded the maximum allowed by law, this issue was not preserved for direct appeal because an objection was not raised to the trial court. Furthermore, the issue did not involve a question of the trial court's subject matter jurisdiction and therefore could not be raised for the first time on appeal.

This Court granted Defendant's petition for a writ of certiorari to consider the following issue:

> Whether the Court of Appeals erred in holding that a challenge to an excessive sentence is not a matter of subject matter jurisdiction, but must be preserved for appellate review by motion or objection?

## LAW/ANALYSIS

Defendant argues that the Court of Appeals erred in holding that the trial court's imposition of an excessive sentence for Defendant's conspiracy conviction did not involve a question of subject matter jurisdiction. We disagree.

In this case, Defendant was convicted of conspiracy to possess marijuana with the intent to distribute. Pursuant to S.C.Code Ann. § 44–53–420 (1985), the maximum sentence for the conspiracy conviction is one-half the penalty for the substantive offense. The substantive offense, possession with intent to distribute, carries a maximum penalty of ten years for a second offense. S.C.Code Ann. § 44–53–370(b)(2) (Supp.

---

1. *State v. Johnston*, 96–UP–229 (Ct.App. filed July 29, 1996).

1997). This offense was Defendant's second. Therefore, the maximum sentence that the court could impose for this offense is five years. The trial court sentenced Defendant to ten years in prison. Defendant never raised an objection to the trial court.

The question is whether a challenge to a sentence as exceeding the statutory limit involves a question of the trial court's subject matter jurisdiction so that it can be raised for the first time on appeal. *See Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998) (issues related to subject matter jurisdiction may be raised at any time, including for the first time on appeal). We find that Defendant's challenge to the trial court's sentencing authority does not involve a question of subject matter jurisdiction.

Generally, in a criminal case, the trial court acquires subject matter jurisdiction by way of a valid indictment. *State v. Beachum,* 288 S.C. 325, 342 S.E.2d 597 (1986). In other words, a court lacks subject matter jurisdiction to convict and sentence a defendant for an offense for which he was not indicted. *Id.* In addition, an amendment to an indictment during trial that changes the nature of the offense charged deprives the trial court of subject matter jurisdiction. *See Clair v. State,* 324 S.C. 144, 478 S.E.2d 54 (1996) (holding that an amendment that increases the penalty changes the nature of the offense and therefore deprives the court of subject matter jurisdiction); *Hopkins v. State,* 317 S.C. 7, 451 S.E.2d 389 (1994). Thus, a determination of whether a defendant was convicted and sentenced for a crime for which he was not indicted involves a question of subject matter jurisdiction and, therefore, can be raised for the first time on appeal.

On the other hand, this Court has consistently held that a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review. *State v. Garner,* 304 S.C. 220, 403 S.E.2d 631 (1991); *State v. Shumate,* 276 S.C. 46, 275 S.E.2d 288 (1981); *State v. Winestock,* 271 S.C. 473, 248 S.E.2d 307 (1978). Moreover, this Court, in discussing error preservation, has specifically distinguished a trial court's sentencing authority from its subject matter jurisdiction. *See State v. Walker,* 252 S.C. 325, 166 S.E.2d 209 (1969). In *Walker,* the defendant was sentenced for resisting arrest

and assault and battery of a high and aggravated nature. The defendant argued that his acts of resisting arrest and assault and battery were inseparable from each other and constituted identical acts; hence, it was error for the trial court to sentence him to a single general sentence on separate counts in the indictments, charging separate offenses. This Court held that since this issue was not raised below and did not involve subject matter jurisdiction, the defendant was not entitled to have the issue considered for the first time on appeal. Since *Walker*, South Carolina courts have continued to recognize a distinction between a trial court's sentencing authority and its subject matter jurisdiction. *See State v. Salisbury*, 330 S.C. 250, 498 S.E.2d 655 (Ct.App.1998); *State v. Bynes*, 304 S.C. 62, 403 S.E.2d 126 (Ct.App.1991).

In this case, Defendant argues that her challenge to the trial court's sentence involves a question of subject matter jurisdiction because the trial court sentenced Defendant for an offense for which she was not indicted. However, the record makes clear that the trial court sentenced Defendant for conspiracy, a crime for which Defendant was indicted and convicted. It appears simply that the trial court exceeded its statutory authority in sentencing Defendant for this crime.[2] To adopt Defendant's position would mean that a challenge to sentencing could automatically be transformed into a question of subject matter jurisdiction simply by alleging that the trial court based its sentencing authority on some other unindicted offense. We therefore agree with the Court of Appeals that the issue presented in this case does not involve a question of the trial court's subject matter jurisdiction.

However, this case presents the exceptional circumstance in which the State has conceded in its briefs and oral argument that the trial court committed error by imposing an excessive sentence. The State nevertheless contends that

2. Defendant argues that the following cases imply that a sentence exceeding authorized limits is a matter involving subject matter jurisdiction: *State v. Fowler*, 277 S.C. 472, 289 S.E.2d 412 (1982); *State v. Storgee*, 277 S.C. 412, 288 S.E.2d 397 (1982); *State v. Swaringen*, 275 S.C. 509, 273 S.E.2d 339 (1980); *State v. Bass*, 242 S.C. 193, 130 S.E.2d 481 (1963). However, none of these cases addressed error preservation. Thus, they provide no support for Defendant's position here.

Defendant's appropriate remedy is through the Post Conviction Relief Act. Yet, if this Court unyieldingly enforces PCR as the only avenue of relief in this case, there is the real threat that Defendant will remain incarcerated beyond the legal sentence due to the additional time it will take to pursue such a remedy. Under these exceptional circumstances, we hold that this case should be remanded for resentencing.[3]

## CONCLUSION

Based on the foregoing, the Court of Appeals is **RE-VERSED** and the case **REMANDED** for resentencing.

FINNEY, C.J., MOORE, WALLER, JJ., and Acting Associate Justice GEORGE T. GREGORY, Jr., concur.

---

**3.** Our holding today is not intended to disrupt our settled rules on issue preservation and PCR applications. The facts here are unique and demand an expedited result.