THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Norma Patrick Hall,       
Appellant.
 
 
 

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-145
Submitted December 23, 2003  Filed 
 March 1, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, Office of Appellate 
 Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor 
 Walter M. Bailey, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM:  Norma Patrick Hall was charged 
 with one count of homicide by child abuse, for which she entered a plea under 
 North Carolina v. Alford, 400 U.S. 25 (1970).  She appeals her sentence, 
 arguing the circuit court failed to consider her diminished capacity due to 
 drug use as a mitigating factor during sentencing.  We affirm.
FACTS/PROCEDURAL HISTORY
In April 2002, Hall was indicted for one count 
 of homicide by child abuse in connection with the death of her six-month old 
 son, Harley Benjamin Hall.  She entered into an Alford plea agreement 
 and was sentenced to forty years in prison.  During sentencing, the circuit 
 court refused to consider Halls diminished mental capacity resulting from drug 
 use, stating The mitigation that has been forwarded for the Courts consideration 
 has been that of drug abuse.  As you all know, diminished capacity is no defense 
 in South Carolina, and in this instance I fail to find it is a mitigating circumstance. 
  This appeal follows.
LAW/ANALYSIS
Hall argues the circuit court erred as a matter 
 of law by failing to consider diminished capacity resulting from her drug use 
 during her sentencing phase.  In fact, the trial judge clearly considered that 
 diminished capacity resulting from drug abuse may be a mitigating factor, but 
 determined it was not so in the present case.  Moreover, Hall did not object 
 when the circuit court imposed its sentence.  Thus, the issue of the sentence 
 is not preserved for our review.  State v. Johnston, 333 S.C. 459, 462, 
 510 S.E.2d 423, 425 (1999) (stating that a challenge to sentencing must be raised 
 at trial, or the issue will not be preserved for appellate review).
 AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., 
 concur.