THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Edward N. Dawson,       
Appellant.
 
 
 

Appeal From Charleston County
A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No. 2004-UP-267
Submitted February 20, 2004  Filed April 19, 2004 

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of the South 
 Carolina Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Attorney General David Spencer, all of Columbia; 
 and Solicitor Ralph E. Hoisington, of Charleston; for Respondent.
 
 
 

PER CURIAM:  Edward N. Dawson seeks a remand 
 for re-sentencing on the charge of possession of a stolen motor vehicle, claiming 
 for the first time on appeal that he was entitled to be sentenced in open court 
 rather than simply in writing for that offense.  We affirm. [1] 
A jury convicted Dawson of second-degree burglary 
 and possession of a stolen vehicle.  On October 23, 2002, the day after the 
 trial ended and while Dawson was present in the courtroom with his counsel during 
 a sentencing proceeding for both convictions, the trial judge concluded:  Sentence 
 of the Court is life without parole, based on 17-25-45. 
 [2]   Neither the solicitor nor defense counsel brought to the attention 
 of the trial judge any concerns regarding a sentence for the vehicle offense.  

Two days later, the trial judge signed the sentencing 
 orders in the case.  The orders formally declared to Dawson the legal consequences 
 of his convictions and committed him to the State Department of Corrections 
 for concurrent terms of life imprisonment for the burglary offense and five 
 years for the vehicle offense.  See 21A Am. Jur. 2d Criminal Law 
 §791, at 54-55 (1998) (In a legal sense, sentence is ordinarily synonymous 
 with judgment and denotes the judgment of the court which formally declares 
 to the accused the legal consequences of his or her conviction . . . .); see 
 also S.C. Code Ann. § 16-21-80(2) (2003) (authorizing a sentence of up to 
 five years for possession of a stolen vehicle worth more than $1,000 but less 
 than $5,000).  Both the solicitor and defense counsel also signed the sentencing 
 order.  Defense counsel, however, filed no post-trial motions regarding the 
 vehicle offense and Dawsons sentence therefor.  See SCRCrimP, Rule 29(a) 
 ([P]ost trial motions shall be made within ten (10) days after the imposition 
 of the sentence.).
We recognize that a defendant has the right to 
 be present at the time of sentencing.  21 Am. Jur. 2d Criminal Law § 
 798, at 62 (1998).  In this case, Dawson was present at his sentencing proceeding, 
 a rather lengthy one, and he fully participated in that proceeding, even addressing 
 the trial judge when given the opportunity to do so.  Dawsons sole contention 
 on appeal is that he was entitled to be sentenced in open court rather than 
 simply in writing.  
Because Dawson failed at the sentencing hearing 
 to raise the issue of the trial judges omitting to announce his sentence for 
 the vehicular offense and because he also failed to assert any alleged error 
 in his sentencing within ten days after the trial judge imposed the sentence, 
 the issue has not been preserved for our review.  See State v. Gaster, 
 349 S.C. 545, 564 S.E.2d 87 (2002) (holding even constitutional issues must 
 be raised to and ruled on by the trial court to be preserved for review); State 
 v. Johnston, 333 S.C. 459, 510 S.E.2d 423 (1999) (noting subject matter 
 jurisdiction is generally conferred by a proper indictment and holding that 
 an objection to the sentence imposed, including even the argument that the sentence 
 exceeded the statutory maximum, did not involve subject matter jurisdiction 
 and must have been raised to and ruled upon by the trial court to be preserved 
 for direct appeal); State v. Shumate, 276 S.C. 46, 275 S.E.2d 288 (1981) 
 (holding a defendants failure to timely object to or seek modification of his 
 sentence from the trial judge precludes the defendant from presenting an objection 
 for the first time on appeal); cf. State v. Williams, 292 S.C. 
 231, 355 S.E.2d 861 (1987) (stating a defendants objection to being tried in 
 his absence must be raised at the first opportunity). 
AFFIRMED.
GOOLSBY, HOWARD, AND KITTREDGE, JJ., CONCUR. 

 
 [1]   We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2]   See S.C. Code 
 Ann. § 17-25-45 (2003) (imposing a sentence of life in prison without parole 
 for recidivists convicted of certain enumerated offenses).