THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Marcus Barnes, Appellant.
 
 
 

Appeal From Lancaster County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2006-UP-057
Submitted January 1, 2006  Filed January 26, 2006

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia, for Appellant.  
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor John R. Justice, of Chester, for Respondent.
 
 
 

PER CURIAM:  Marcus Barnes appeals his sentence of ten years for possession of a weapon during the commission of a crime of violence.  We affirm.[1]
FACTS
In September 2003, Barnes pled guilty to charges of assault with intent to kill, second-degree burglary, and possession of a weapon during the commission of a violent crime.  Barnes was sentenced to ten years in prison on each charge with the sentences to run concurrently.  
LAW/ANALYSIS
Barnes appeals his sentence as to the weapons possession charge arguing that the relevant sentencing statute provides for a maximum sentence of five years.  He further asserts that the trial courts sentencing error rendered his guilty pleas on all charges involuntary.

S.C. Code Ann. § 16-23-490 (2003) provides:
 
(A)  If a person is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in Section 16-1-60, he must be imprisoned five years, in addition to the punishment provided for the principal crime. 
 

According to the record and the sentence imposed, it appears that the trial court read this provision to mean that a sentence for the specific charge of possession of a weapon during the commission of a violent crime could be as lengthy as five years, plus the maximum allowable sentence for the most serious underlying offense.  The maximum sentence for second-degree burglary is fifteen years.  S.C. Code Ann. § 16-11-312(C) (2003).  The trial court concluded the maximum sentence on the weapons charge was therefore twenty years, and he sentenced Barnes to ten years.  
Regardless of the propriety of the sentence, no objection was made to the sentencing explanation given or sentence imposed by the trial court.  Consequently, this issue is not preserved for our review.  State v. Johnston, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) ([T]his Court has consistently held that a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review.).  Barnes should seek redress via an application for post-conviction relief.  See State v. Passmore, 363 S.C. 568, 586, 611 S.E.2d 273, 283 (Ct. App. 2005), cert. pending, (internal citations omitted) (In criminal cases, although the failure of
an attorney to preserve an issue at trial will preclude appellate review of that issue, it may nonetheless be a ground in a civil action for post-conviction relief as a claim of ineffective assistance of counsel.).  
Barnes contends that an exception can be made to this rule where a defendant runs the risk of being incarcerated beyond the legal sentence due to the additional time it will take to pursue such a remedy.  See Johnston at 463-64, 510 S.E.2d at 425.  This is not such a case.  Barnes is serving ten-year sentences for the burglary and assault charges concurrently with his sentence on the weapons charge.  Consequently, his incarceration pursuant to the proper sentences for burglary and assault with intent to kill will continue for a period that should allow him ample time to pursue relief through the proper procedure.
Barnes further argues that certain restrictions, including ineligibility for parole or work release, associated with the weapons charge could be applied to him for the entire ten-year period making it imperative that his appeal be expedited.  See S.C. Code Ann. § 16-23-490(C) (2003).  However, there is no reason to believe that the probation, pardon and parole board would impose those restrictions beyond the five-year period, assuming the ten-year sentence was excessive.  Furthermore, it is likely that Barnes post-conviction relief application could be disposed of within the five-year period where such restrictions are mandated.  
The voluntariness of Barnes pleas is likewise an issue not properly before this court.  A guilty plea is subject to attack on the issue of its being made knowingly and voluntarily, but absent a timely objection during the guilty plea proceeding, the unknowing or involuntary nature of the guilty plea cannot be raised on direct appeal but must be addressed through the more appropriate channel of post-conviction relief.  State v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982). 
AFFIRMED.
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.