THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Edward Johnson, Jr., Appellant.
 
 
 

Appeal From Aiken County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-194
Heard March 8, 2006  Filed April 12, 2006   

AFFIRMED

 
 
 
 Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 
 

PER CURIAM:  Edward Johnson, Jr. appeals the trial judges decision to sentence him to ten years incarceration for escape.  Specifically, Johnson argues the trial judge erred by making inappropriate comments during sentencing.  We affirm.
FACTS
Johnson escaped from prison in January 2002.  At the time of his escape, Johnson was serving a seven-year sentence for resisting arrest and was within months of being released.  Johnson ultimately pled guilty to the escape. 
After the plea, the trial judge inquired about the circumstances of Johnsons resisting arrest charge.  After conflicting accounts from Johnson and the solicitor, the trial judge addressed Johnson:

 Court: Isnt it enough to go through and put you away one time, then theyve got to have the expense of doing a manhunt for you, and then tracking you down, and bringing you all the way back up here?  Isnt one time enough?
 Johnson: Yes, Sir.  I was just on a lot of stress.
 Court: Youre old enough to know better than that.
 Johnson: True indeed.  I aint mean no harm by it.
 Court: Im in the Department of Corrections, and Ill just check myself in and out when I get readysounds like a good idea to you.
 Johnson: No, Sir.

The trial judge then continued:

 Court: Im going to give you a guess how much you got.  Its not a year.  Its not fifteen.
 Johnson: Two?
 Court: Ill give you three guesses.
 Johnson: Five?
 Court: One more.
 Johnson: Three?
 Court: Ten
 . . . . 
 Court: Heres the problem Ive got, Son.  Youre a violent felon when you walked out of there.  Its not like you had committed forgery or anything like that.  Do you know how much money it probably cost them to do a search around that prison and all?
 . . . .
 Court: The taxpayers have lost that.  Not only that, but then law enforcement all over go into action looking for a convicted, violent felon whos left the Department of Corrections, left a prison.  Theyre all out on the street looking for you.  Not only that, Sir, youre not just a violent felon, but youre a violent felon who attacked a police officerseveral police officers.  So everybody is running around all over the place looking for you.  How much of that money are we going to get back?
 . . . .
 Court: For the State of South Carolina?  Not a lot.  Not to make a dent in the cost, so Im going to have to collect it another way.  You should have stayed there.

Johnson made no contemporaneous objection to the comments of the trial judge at the hearing, and he did not file a motion for reconsideration of the ten-year sentence.  Johnson did, however, file this appeal.
STANDARD OF REVIEW
In criminal cases, the appellate court sits to review errors of law only and is bound by factual findings of the trial judge unless clearly erroneous.  State v. Wilson, 345 S.C. 1, 5, 545 S.E.2d 827,  829 (2001).
LAW/ANALYSIS
Johnson argues the trial judge erred by making highly inappropriate comments during sentencing, and as a result, his sentence should be reversed.  We find this issue not properly preserved for our review.[1] 
The general rule of issue preservation states that if an issue was not raised and ruled upon below, it will not be considered for the first time on appeal.  State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003); State v. Passmore, 363 S.C. 568, 584, 611 S.E.2d 273, 281 (Ct. App. 2005). Our courts have consistently refused to apply the plain error rule.  Jackson v. Speed, 326 S.C. 289, 306, 486 S.E.2d 750, 759 (1997) (citations omitted).  Instead, we have held it is the responsibility of counsel to preserve issues for appellate review.  Id.  Moreover, on numerous occasions our supreme court has held that a challenge to sentencing must be raised at trial to preserve the issue for appellate review.  State v. Johnston, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999); see also State v. Garner, 304 S.C. 220, 403 S.E.2d 631 (1991); State v. Shumate, 276 S.C. 46, 275 S.E.2d 288 (1981); State v. Winestock, 271 S.C. 473, 248 S.E.2d 307 (1978).
In State v. Johnston, the supreme court provided guidance applicable to the case at hand.  Johnston was arrested, charged, and convicted for possession of marijuana and conspiracy to possess marijuana with the intent to distribute.  Johnston, 333 S.C. at 460, 510 S.E.2d at 424.  The trial judge sentenced Johnston to ten years incarceration for the conspiracy charge.  Id.  Johnston raised no objection to the sentence at that time.  Id.  On appeal, Johnston questioned the trial judges authority to impose a prison sentence of ten years for a conspiracy conviction.  Id. at 461, 510 S.E.2d at 424.  Johnston argued this issue could be raised for the first time on appeal because the trial court lacked subject matter jurisdiction to render a sentence exceeding the maximum allowed by law.  Id.  The supreme court rejected Johnstons argument that this was an issue of subject matter jurisdiction, and held it was merely an issue of the trial courts sentencing authority.  Id. at 462, 510 S.E.2d at 424.  
In so holding, the Johnston court relied on precedent that has specifically distinguished a trial courts sentencing authority from its subject matter jurisdiction in the context of error preservation.  Id. at 463, 510 S.E.2d at 425; see also State v. Walker, 252 S.C. 325, 166 S.E.2d 209 (1969) (disposing of the defendants challenge to his sentence because it was not raised to the trial judge and such challenge did not implicate the subject matter jurisdiction of the trial court); State v. Salisbury, 330 S.C. 250, 498 S.E.2d 655 (Ct. App. 1998) (holding any alleged error in sentencing is not jurisdictional; therefore, a contemporaneous objection is required to preserve the issue for appellate review); State v. Bynes, 304 S.C. 62, 403 S.E.2d 126 (Ct. App. 1991) (same proposition).  Moreover, the court stated that a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review.  Id. at 462, 510 S.E.2d at 425.  The court ultimately concluded that while this would ordinarily be an issue resolved in a post-conviction relief action, failure to preserve the issue for review should be excused on the basis that if the court did not reach the merits, Johnston could serve a sentence that exceeded the maximum allowable under the law.  Id. at 464, 510 S.E.2d at 425.
The concerns of the Johnston court are not present here as the sentence imposed by the trial judge was within the mandated statutory guidelines.  Therefore, the ordinary rules of issue preservation in the context of sentencing apply.  
In this matter, after the sentence was imposed, Johnson failed to enter an objection on the record.  Moreover, Johnson did not move for reconsideration of his sentence.  Therefore, we are constrained by the preservation barrier.  Johnson will be forced to seek any redress through post-conviction relief.  See Toal, Vafai, and Muckenfuss, Appellate Practice in South Carolina at 62 (2d ed. 2002) (In criminal cases, although the failure of an attorney to preserve an issue at trial will preclude appellate review of that issue, it may nonetheless be a ground in a civil action for post-conviction relief as a claim of ineffective counsel.).
CONCLUSION
Because we find this issue unpreserved for appellate review, Johnsons sentence for escape is hereby
AFFIRMED.
HEARN, C.J., ANDERSON and KITTREDGE, JJ. concur. 

[1] In his appellate brief, Johnson did not argue any of the recognized exceptions to the general rules of error preservation.