THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Shaun Bradley Grubbs, Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-548
Submitted October 1, 2007  Filed December
12, 2007

APPEAL DISMISSED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, South Carolina
 Commission, of Columbia, for Appellant.
 Teresa A. Knox, Deputy Director for Legal Services, Tommy Evans,
 Jr., Legal Counsel, and J. Benjamin Aplin, Legal Counsel, South Carolina
 Department of Probation, Parole, and Pardon Services, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Shaun
 Grubbs pled guilty to possession with intent to distribute marijuana.  Grubbs
 was sentenced to one year, suspended to one year probation and community
 supervision program.  Pursuant to Anders v. California, 386 U.S. 738
 (1967), counsel for Grubbs seeks to be relieved.
Grubbs
 disputes the inclusion of the community supervision program (CSP) in his
 sentence because he claims he was sentenced for a first offense and thus ineligible
 for CSP.  The State contends Grubbs was sentenced for a third offense and that
 the sentence was, therefore, well within statutory parameters.  We are unable
 to determine with certainty from a review of the record, including the
 sentencing sheet, whether Grubbs was sentenced for a first offense or a third
 offense.  The sentencing sheet and indictment, however, tend to support the
 States position that Grubbs was sentenced for a third offense.  We note that a
 sentence that exceeds the statutory maximum
 does not implicate subject matter jurisdiction. See State v. Johnston,
 333 S.C. 459, 462, 510 S.E.2d 423, 424 (1999) (holding Defendants challenge to the trial courts sentencing authority
 does not involve a question of subject
 matter jurisdiction.). 
 Because the argument asserted on this direct review was not presented in the trial court, it is not preserved for review.  Cf. State v. Bennett, 375 S.C. 165, 169, 650 S.E.2d 490, 493 (Ct. App. 2007)
 (analyzing the avenues available to an inmate who claims his sentence has
 expired).  This court in Bennett granted relief in a direct appeal where
 it was determined that the petitioner had served the maximum sentence and was
 entitled to be released.  Conversely, we are presented with a direct appeal
 where it is far from certain that Grubbs received a sentence in excess of that
 authorized by statute.  Further, according to the record, Grubbs is out of jail
 and his time within the community supervision program has expired.  Accordingly,
 we find no preserved issue for direct appellate review.
After review of the
 record pursuant to Anders v. California, 386 U.S. 738 (1967) and State
 v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss this appeal
 and grant counsels petition to be relieved.[1] 
 The disposition of this direct appeal does not foreclose collateral relief as
 may be provided by law.
APPEAL
 DISMISSED.   
HEARN, C.J., HUFF,
 and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.