THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 James White, Appellant.
 
 
 

Appeal From Lexington County
 Alexander S. Macaulay, Circuit Court
Judge

Unpublished Opinion No. 2012-UP-267
 Submitted April 2, 2012  Filed May 2,
2012    

AFFIRMED

 
 
 
 Appellate Defenders Susan B. Hackett and
 Tristan M. Shaffer, both of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of
 Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: James White appeals his concurrent ten-year sentences for two
 counts of distribution of crack cocaine, second offense.  He argues the circuit
 court erred in determining the Omnibus Crime Reduction and Sentencing Reform
 Act of 2010 (Act) prevented the circuit court from suspending his sentences.  We affirm.[1]
Initially, we observe that
 White failed to preserve this issue for appellate review.  See State v. Wise, 359
 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) (stating an issue must have been raised
 to and ruled on by the circuit court to be preserved for appellate review); State
 v. Johnston, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) ("[A]
 challenge to sentencing must be raised at trial, or the issue will not be
 preserved for appellate review."); State v. Winestock, 271 S.C.
 473, 475, 248 S.E.2d 307, 308 (1978) ("[An] appellant's failure to timely
 object to or seek modification of his sentence in the [circuit] court precludes
 him from presenting the question to [the appellate c]ourt for the first time on
 appeal.").
However, even if this issue
 were preserved, White's argument fails on the merits.  See State v.
 Leopard, 349 S.C. 467, 471, 563 S.E.2d 342, 344 (Ct. App. 2002) ("[I]n construing a statute, words must be
 given their plain and ordinary meaning without resort to subtle or forced
 construction to limit or expand the statute's operation."); Omnibus Crime Reduction and Sentencing Reform Act,
 2010 S.C. Acts No. 273, § 65 (stating the Act's
 amendments "[do] not affect pending actions . . . or alter . . . any
 penalty . . . incurred under the repealed or amended law, unless the
 repealed or amended provision shall so expressly provide").  Accordingly, the decision of the circuit court is
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.