**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Jamel Brisbon, Appellant.

Appellate Case No. 2022-000478

—————

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

—————

Unpublished Opinion No. 2025-UP-183
Submitted May 1, 2025 – Filed June 11, 2025

—————

**AFFIRMED**

—————

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia, for Respondent.

—————

**PER CURIAM:** Christopher Jamel Brisbon appeals his five-year sentence for possession of a firearm during the commission of a violent crime. On appeal, Brisbon argues the trial court erred by sentencing him to five years' imprisonment to be served consecutively to his forty-year sentence for murder and fifteen-year sentence for second-degree burglary based upon the court's mistaken belief that section 16-23-490 of the South Carolina Code (2015) mandated consecutive sentencing for the weapons charge. We affirm pursuant to Rule 220(b), SCACR.

We hold Brisbon's argument regarding the consecutive sentence is not preserved for appellate review because Brisbon failed to object to the imposition of the consecutive sentence at trial or in his post-trial motion. We also decline to bypass our preservation rules because the court did not impose an illegal sentence; thus, it does not serve the interests of judicial economy to address the argument. *See State v. Johnston*, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) (stating appellate courts "ha[ve] consistently held that a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review"); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *State v. Shumate*, 276 S.C. 46, 47, 275 S.E.2d 288, 288 (1981) ("A defendant's failure to timely object or to seek modification of his sentence in the trial court precludes him from presenting his objection for the first time on appeal."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998) (stating post-trial motions "are used to preserve [issues] that have been raised to the trial court but [have] not yet ruled upon by it"); *State v. Vick*, 384 S.C. 189, 202, 682 S.E.2d 275, 282 (Ct. App. 2009) ("[O]ur courts have at times considered an issue in the interest of judicial economy."); *State v. Davis-Kocsis*, 443 S.C. 127, 135, 903 S.E.2d 491, 495 (2024) ("[W]hen a trial court imposes what the State concedes is an *illegal* sentence, the appellate court may correct that sentence on direct appeal . . . ." (emphasis added) (quoting *State v. Plumer*, 439 S.C. 346, 351, 887 S.E.2d 134,137 (2023))).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.