492 S.E.2d 399

**The STATE, Appellant,**

v.

**Harry Gene COX, Respondent.**

**No. 2712.**

Court of Appeals of South Carolina.

Heard April 9, 1997.

Decided Aug. 18, 1997.

Attorney General Charles Molony Condon, Deputy Attorney General Salley W. Elliott; and Chief Legal Counsel Carl N. Lundberg, of the South Carolina Department of Probation, Parole, and Pardon Services, Columbia, for appellant.

Assistant Appellate Defender Robert M. Pachak, of the South Carolina Office of Appellate Defense, Columbia, for respondent.

PER CURIAM:

On August 28, 1995, Harry Gene Cox was convicted of driving under the influence (DUI), fourth offense, and driving under suspension (DUS), second offense. For the conviction for DUI, fourth offense, Cox was sentenced to serve five years and pay a $5000 fine, provided that on service of one year and payment of a $3500 fine, the balance of the sentence would be suspended with probation for three years. The trial court further ordered that Cox would serve the one-year sentence under house arrest with electronic monitoring. For the conviction for DUS, second offense, Cox was sentenced to sixty days with the same conditions as the DUI sentence, to run concurrently. The South Carolina Department of Probation,

Parole, and Pardon Services ("the Department") filed a Motion For Reconsideration of Sentence. The trial court determined, however, that the imposed sentences were proper. The Department appeals the sentences.

## LAW/DISCUSSION

The Department contends that Cox's placement on house arrest with electronic monitoring violates Article 12, Section 9 of the South Carolina Constitution, which requires the Department of Corrections to supervise all convicts. The Department claims that, even though it does not appear in the transcript, "it was made clear to the agents of the Department" that Cox's sentences were to be carried out by the Department. The Department also contends the sentences violate the non-suspendable sentencing required by the DUI and DUS statutes, S.C.Code Ann. §§ 56–5–2940 and 56–1–460, respectively, and that the sentences were improper because the Department does not have a program under the Home Detention Act to supervise or control imprisoned convicts in Horry County.

No objection was made to the sentences at the time of their imposition. The issue is, therefore, not preserved for our review. *State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991) (defendant must make a contemporaneous objection in order to preserve an alleged error for appellate review). *See also State v. Shumate,* 276 S.C. 46, 275 S.E.2d 288 (1981). This court has recently held that an illegal sentence cannot be challenged on direct appeal absent a contemporaneous objection. *State v. Johnston,* 327 S.C. 435, 489 S.E.2d 228 (Ct.App. 1997) (Davis Adv.Sh. No. 18 at 56). This concept applies to the State as well as to criminal defendants.

Moreover, appellate review is limited to parties aggrieved by a judgment, order, or sentence below, Rule 201(b), SCACR; *Ex parte Whetstone,* 289 S.C. 580, 347 S.E.2d 881 (1986), and an aggrieved party is one who is injured in a legal sense or has suffered an injury to person or property. *Whetstone,* 289 S.C. 580, 347 S.E.2d 881; *Cisson v. McWhorter,* 255 S.C. 174, 177 S.E.2d 603 (1970). Here, even assuming it was implicit in the trial court's order that the Department was to supervise Cox's sentences, the Department had two alterna-

tives: it could either supervise the sentences and thereby waive any right to appeal the order, or it could refuse to supervise the sentences and be held in contempt. *See Whetstone,* 289 S.C. 580, 347 S.E.2d 881 (non-party ordered to submit to discovery had the same alternatives). The Department has conceded it chose the former. It has therefore waived the right to appeal.

**AFFIRMED.**

CURETON, HEARN and STILWELL, JJ., concur.