526 S.E.2d 515

**The STATE, Appellant,**

v.

**Michelle SHELTON, Respondent.**

**No. 3099.**

Court of Appeals of South Carolina.

Submitted Dec. 7, 1999.

Decided Jan. 17, 2000.

Chief Legal Counsel Carl N. Lundberg, Legal Counsel Deborah Drucker Deutschmann, both of SC Department of Probation, Parole and Pardon Services, of Columbia, for appellant.

Regan A. Pendleton, of Greenville, for respondent.

PER CURIAM:

The State appeals the amendment by the trial court of a sentence imposed on the respondent, Michelle Shelton, following her plea of guilty to an indictment charging her with breach of trust with fraudulent intent. The plea was the product of a written agreement wherein Shelton agreed to pay $57,170 in restitution in exchange for a suspended sentence and service of a period of probation. The circuit court sentenced Shelton to a ten-year term of imprisonment and suspended the sentence and placed her on probation for five years. A condition of her probation was that she make restitution as she agreed to do and that she pay twenty percent of the amount agreed upon, *i.e.*, $11,436, to the South Carolina Department of Probation, Parole, and Pardon Services as a statutorily-prescribed collection fee. Three weeks later, the circuit court amended its sentence by ordering the collection fee "waived." The State thereafter moved the circuit court to reconsider its order, but it declined to do so. The circuit court saw the assessment of a collection fee as committed to its discretion. It also regarded the assessment of the collection fee as an "unauthorized fine because it is punitive as well as remedial in nature" and as "a substantial fine that is imposed as a condition of probation." We reverse.[1]

First, as to the circuit court's holding that the statute affords it discretion to waive the department's assessment of the collection fee, the statute in question, South Carolina Code Annotated, section 24–21–490(B) (Supp.1998) provides:

Notwithstanding Section 14–17–725, the Department of Probation, Parole, and Pardon Services shall assess a collection fee of twenty percent of each restitution program and

---

1. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

deposit this collection fee into a separate account. The monies in this account must not be used until specifically authorized by law. The department shall maintain individual restitution accounts which reflect each transaction and the amount paid, the collection fee, and the unpaid balance of the account. A summary of these accounts must be reported to the Governor's Office, the President of the Senate, the Speaker of the House, the Chairman of the House Judiciary Committee, and the Chairman of the Senate Corrections and Penology Committee every six months following the enactment of this section.

As can be readily seen, nothing in the statute itself expressly empowers the circuit court, in the exercise of its discretion, to "waive" the department's duty to assess a collection fee.

Shelton argues, however, that "[t]he statute does not state that the imposition of the fee by the sentencing judge is mandatory nor does the statute state that the collection fee cannot be waived." Thus, she says, the circuit court could properly order the collection fee waived. The short answer to this argument is that the statute did not have to so state for the assessment of the collection fee to be viewed as a mandatory requirement. The General Assembly's use of the term "shall" when it enacted the statute was all that was called for to make the department's assessment of the collection fee a compulsory obligation on its part.[2]

 Second, as to the circuit court's holding that the collection fee constitutes an "unauthorized fine" or a "substantial fine," it plainly is not a fine at all. The goal of the collection fee, as evidenced by the statute's language, is not to punish; rather, its goal is the remedial purpose of compensating the department for any loss incurred in administering the restitution center program.[3] The collection fee, therefore, is what

**2.** *See TNS Mills, Inc. v. S.C. Dep't of Revenue,* 331 S.C. 611, 629 n. 3, 503 S.E.2d 471, 476 n. 3 (1998) ("Ordinarily, the use of the word 'shall' in a statute means that the action referred to is mandatory.").

**3.** *See Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) (When the legislature indicates an intent to establish a civil penalty, the question is whether the statutory scheme was "so punitive either in purpose or effect, as to transform what was clearly intended as a civil remedy into a criminal penalty." In making

the statute says it is, a "collection fee," and its assessment and collection are expressly authorized.

**REVERSED.**

HOWELL, C.J., GOOLSBY, and HEARN, JJ., concur.

---

this determination, the factors to be examined include: "(1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.") *Id.* at 99–100, 118 S.Ct. 488.