540 S.E.2d 480

SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE AND PARDON SERVICES, In re The STATE

v.

Kimberly Ann REYNOLDS, Defendant.

Of Whom South Carolina, Department of Probation, Parole and Pardon Services is Appellant, and

Kimberly Ann Reynolds is Respondent.

No. 3268.

Court of Appeals of South Carolina.

Heard Sept. 14, 2000.
Decided Dec. 11, 2000.

466

General Counsel Sally R. Young, and Legal Counsels Deborah Drucker Deutschmann, and Stephanie J. Smart, all of SC Department of Probation, Parole & Pardon Services, of Columbia, for appellant.

David L. Thomas, of David L. Thomas & Associates, of Greenville, for respondent.

## ORDER CORRECTING CAPTION

PER CURIAM:

The caption in this case has heretofore been incorrectly docketed as The State, Appellant v. Kimberly Ann Reynolds, Respondent. The caption is hereby corrected to reflect the caption of the final order on appeal from the circuit court by including Department of Probation, Parole and Pardon Services as the named Appellant.

It is so ordered.

PER CURIAM:

The South Carolina Department of Probation, Parole and Pardon Services ("Department") appeals from the denial of its motion to modify the probationary sentence imposed upon Kimberly Ann Reynolds following her guilty plea in General Sessions Court to two counts of Breach of Trust with Fraudulent Intent. The circuit court sentenced Reynolds to five years on each count, suspended upon the service of two years probation, with restitution to be paid directly to her victims. By ordering direct payment of restitution, the court eliminated Department collection fees. On appeal, the Department asserts that the circuit court exceeded its authority by imposing a sentence circumventing the statutorily imposed fee delineated in S.C .Code Ann. § 24–21–490(A) (Supp.1999). We affirm in part and reverse in part.

## FACTS

Reynolds pled guilty in General Sessions Court to two counts of Breach of Trust with Fraudulent Intent, admitting she embezzled $53,686.79 from two previous employers. In mitigation, Reynolds told the court her elderly family members would mortgage their residence to borrow $25,000 for partial restitution if Reynolds was able to make the mortgage payments. Therefore, the loan depended upon Reynolds receiving a probationary sentence so that she could continue to work.

Relying in part upon this representation, the trial court sentenced Reynolds to probation, ordering full restitution. The court ruled that the initial payment of $25,000 was to be paid to the victims in proportional shares within ten days of sentencing as a precondition to probation, with the remainder to be paid directly to the victims during the course of probation.

The Department filed a motion to reconsider the sentence.[1] The trial court denied the Department's motion. This appeal follows.

## LAW/ANALYSIS

### I.

The Department argues the trial court erred in ordering that restitution be paid directly to the victims because the Department is required by statute to collect and distribute restitution from all offenders under probationary supervision. S.C.Code Ann. § 24–21–490(A) (Supp.1999). The Department also asserts that the trial court's sentence had the effect of waiving the twenty percent collection fee which it is required to assess on restitution payments. In addition, the Department contends that the court erred in holding that the collection fee was a fine when the court ruled on its motion for reconsideration.

The Department contends that S.C.Code Ann. § 24–21–490(A) (Supp.1999) plainly mandates that the Department collect and distribute *all* restitution from *all* offenders on probationary supervision and the trial court lacked authority to order otherwise. The section provides:

> [t]he Department of Probation, Parole, and Pardon Services shall have the responsibility for collecting and distributing

---

1. As an additional sustaining ground, Reynolds asserts that the Department does not have the right to appeal the order or sentence, pointing out that the Department did not file a motion to intervene. We decline to consider this argument because there is no citation of authority, and it is so conclusory as to be an abandonment of this issue on appeal. *See First Sav. Bank v. McLean,* 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994); *Stier, Kent & Canady, Inc. v. Jackson,* 317 S.C. 179, 183, 452 S.E.2d 606, 609 (Ct.App.1994).

restitution on a monthly basis from *all* offenders *under probationary and intensive probationary supervision.*

S.C.Code Ann. § 24–21–490(A) (Supp.1999) (emphasis added).

█ If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ rules of statutory interpretation, and the court has no right to look for or impose another meaning. *Paschal v. State Election Comm'n,* 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995). When the terms of a statute are clear, the court must apply those terms according to their literal meaning. *Holley v. Mount Vernon Mills, Inc.,* 312 S.C. 320, 323, 440 S.E.2d 373, 374 (1994).

We conclude section 24–21–490(A) is unambiguous and conveys a clear and definite meaning. The legislature stated its intention that the Department collect restitution owed by *all* offenders under probationary and intensive probationary supervision, and then distribute that money to the victims.

█ We agree with the Department that the circuit court does not have the authority to circumvent the legislature's intent for the Department to manage the payment of restitution from individuals under its supervision. Once an individual is placed on probation, any restitution owed by that individual must be collected and distributed by the Department.

█ However, the $25,000 Reynolds was ordered to pay was a condition precedent to probation. Reynolds was not under probationary supervision because her placement on probation depended on the payment of the $25,000. Because Reynolds was not yet on probation under the supervision of the Department, section 24–21–490(A) did not apply to the original payment. Therefore, the initial $25,000 Reynolds paid as a condition precedent to probation may be paid directly to her victims. However, the remainder of the restitution ordered by the court must be collected and distributed by the Department in accordance with section 24–21–490(A).

█ Furthermore, the trial court does not have the authority to waive the collection fee on restitution payments paid to the Department. *State v. Shelton,* 338 S.C. 350, 352, 526 S.E.2d 515, 516 (Ct.App.2000). As the Department contends, the statute mandates that the Department assess a collection

*fee of twenty percent.* S.C.Code Ann. § 24–21–490(B) (Supp. 1999).

The statute provides:

Notwithstanding Section 14–17–725, the Department of Probation, Parole, and Pardon Services shall assess a collection fee of twenty percent of each restitution program and deposit this collection fee into a separate account. The monies in this account must not be used until specifically authorized by law. The department shall maintain individual restitution accounts which reflect each transaction and the amount paid, the collection fee, and the unpaid balance of the account. A summary of these accounts must be reported to the Governor's Office, the President of the Senate, the Speaker of the House, the Chairman of the House Judiciary Committee, and the Chairman of the Senate Corrections and Penology Committee every six months following the enactment of this section.

S.C.Code Ann. § 24–21–490(B) (Supp.1999).

In *Shelton*, the trial court waived the collection fee regarding restitution paid through the Department. On appeal, this Court held that "[t]he General Assembly's use of the term 'shall'" rendered the assessment of the collection fee a compulsory obligation which could not be waived by the trial court in the sentence imposed upon the offender. *Shelton*, 338 S.C. at 352, 526 S.E.2d at 516.

## II.

■ The Department next argues the trial court erred in categorizing the twenty percent collection fee as a fine. The Department contends the collection fee is an authorized fee, not an unauthorized fine.

We agree that the twenty percent collection fee is not a fine. In *Shelton*, this Court held as much.

[A]s to the circuit court's holding that the collection fee constitutes an "unauthorized fine" or a "substantial fine," it plainly is not a fine at all. The goal of the collection fee, as evidenced by the statute's language, is not to punish; rather, its goal is the remedial purpose of compensating the department for any loss incurred in administering the resti-

tution center program. The collection fee, therefore, is what the statute says it is, a "collection fee," and its assessment and collection are expressly authorized.

*Id.* at 352–53, 526 S.E.2d at 516 (footnote omitted).

Therefore, the trial judge erred in ruling that the collection fee "act[ed] as an unauthorized 'fine.' "

## CONCLUSION

Accordingly, Reynolds must pay directly to each victim a proportional share of the initial $25,000 as a condition precedent to probation; however, the remainder of the restitution must be paid through the Department with the appropriate collection fee going to the Department.

For the forgoing reasons, the order of the circuit court is

**AFFIRMED IN PART AND REVERSED IN PART.**

STILWELL, HOWARD, and SHULER, JJ., concur.