THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Probation, Parole and Pardon Services/In 
 Re: The State,        Appellant,
 
 
 

v.

 
 
 
Elijah Byrd,       
Respondent.
 
 
 

Appeal From Fairfield County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2005-UP-137
Heard February 8, 2005  Filed February 24, 2005 

REVERSED

 
 
 
John Benjamin Aplin, South Carolina Department of Probation, 
 Parole & Pardon Services, of Columbia, for Appellant.
Assistant Appellate Defender Tara S. Taggart,
of Columbia, for Respondent.
 
 
 

PER CURIAM:  The Department of Probation, 
 Parole and Pardon (the Department) appeals the trial courts probationary sentence 
 ordering Elijah Byrd to pay restitution directly to the victims attorney rather 
 than to the Department as statutorily required.  We reverse.
FACTUAL/PROCEDURAL BACKGROUND
Byrd was indicted for felony driving under the 
 influence causing great bodily injury.  On January 21, 2004, Byrd pled guilty 
 as charged pursuant to a plea agreement that Byrd receive a time served sentence 
 with a suspended probationary sentence and order for restitution.  The trial 
 judge sentenced Byrd to fifteen years suspended upon the service of time served 
 and five years probation.  He ordered as a special condition of probation that 
 Byrd pay $10,000 restitution directly to the victims attorney in equal monthly 
 installments.  
On January 28, 2004, the Department filed a motion 
 to reconsider the sentencing order, challenging the trial courts authority 
 to order restitution payments directly to the victims attorney on the basis 
 that the Department is statutorily mandated to collect restitution from all 
 defendants on probation.  The Department requested the trial court grant the 
 motion to reconsider and order defendant to pay restitution and the collection 
 fee to the Department.  The trial court summarily denied the motion.  The Department 
 appeals.  
LAW/ANALYSIS
The Department argues the trial court 
 erred in ordering Byrd to pay restitution directly to the victims attorney 
 rather than to the Department while Byrd was under probationary supervision.  
 It contends, pursuant to South Carolina Code Ann. § 24-21-490 (Supp. 2004) 
 [1] the trial court lacked authority to waive either the Departments duty 
 to collect and distribute restitution, or the twenty percent collection fee 
 on restitution payments paid through the Department.  We agree.
The case of S.C. Dept. of Prob., Parole 
 and Pardon Servs.:  In re State v. Reynolds, 343 S.C. 465, 540 S.E.2d 480 
 (Ct. App. 2000) is directly on point.  In Reynolds, the Department argued 
 the trial courts sentence requiring the defendant to pay restitution directly 
 to the victim violated § 24-21-490(A), and the sentence had the effect of waiving 
 the twenty percent collection fee the Department is required to assess on restitution 
 payments.  Id. at 468, 540 S.E.2d at 482.  This court agreed, holding 
 as follows:

We conclude section 24-21-490(A) is unambiguous and conveys 
 a clear and definite meaning. The legislature stated its intention that the 
 Department collect restitution owed by all offenders under probationary 
 and intensive probationary supervision, and then distribute that money to the 
 victims.
We agree with the Department that the circuit court does 
 not have the authority to circumvent the legislatures intent for the Department 
 to manage the payment of restitution from individuals under its supervision.  
 Once an individual is placed on probation, any restitution owed by that individual 
 must be collected and distributed by the Department.

Id.  at 469, 540 S.E.2d at 482-83 (emphasis 
 in original).  We also found the trial court does not have the authority to 
 waive the collection fee on restitution payments paid to the Department.  Id.  
 at 469, 540 S.E.2d at 483.  Based upon Reynolds, we agree with the Department 
 that the trial judge exceeded his authority in ordering Byrd to pay restitution 
 directly to the victims attorney.
Byrd maintains that this court should 
 not consider the issue because it is not properly preserved for appellate review.  
 We disagree. 
Byrd argues the State did not contemporaneously 
 object to the trial judges sentence, including the provision that restitution 
 be paid directly to the victims attorney, and the solicitor in fact agreed 
 that the restitution be paid in this manner.  It is clear, however, the Department 
 raised the issue at the first opportunity it had, filing the motion for reconsideration 
 before the trial court within seven days of the courts sentencing order. 
 [2]  Because the Department raised the issue when it first learned of the 
 improper condition of probation, we find the issue is preserved for our review.  
 See First Union Natl Bank of S.C. v. Soden, 333 S.C. 554, 568, 
 511 S.E.2d 372, 379 (Ct. App. 1998) (noting where an appellant learns for the 
 first time when the appellant receives the order that the respondent would be 
 granted certain relief, the appellant must move to alter or amend the judgment 
 to preserve the issue). [3] 
For the foregoing reasons, the sentencing order 
 is 
REVERSED.
GOOLSBY, HUFF and STILWELL, JJ., concur.

 
 
 [1] This section provides in part as follows:
 (A) The Department of Probation, 
 Parole and Pardon Services shall collect and distribute restitution on a monthly 
 basis from all offenders under probationary and intensive probationary supervision.
 (B) Notwithstanding Section 
 14-17-725, the department shall assess a collection fee of twenty percent 
 of each restitution program and deposit this collection fee into a separate 
 account.         

 
 
 [2] Byrd argues the motion to reconsider was improperly before the court 
 because the Department failed to file a motion to intervene.  Byrd raises 
 this intervention argument only in conjunction with his assertion that the 
 issue is not preserved for appellate review.  He does not raise a separate 
 issue that the Department was required to file certain documents to properly 
 intervene, nor does he argue the appeal should be dismissed because the Department 
 failed to properly intervene.  Further, he cites no applicable law and makes 
 only a cursory argument.  See Reynolds, 343 S.C. at 468 n.1, 
 540 S.E.2d at 482 n.1 (wherein this court declined to consider Reynolds argument 
 that the Department did not have the right to appeal the order or sentence 
 because the Department failed to file a motion to intervene, where Reynolds 
 failed to cite authority and her argument was so conclusory as to amount to 
 an abandonment of the issue on appeal.)

 
 
 [3] But see State v. Cox, 328 S.C. 371, 492 S.E.2d 
 399 (Ct. App. 1997) (wherein this court affirmed sentences which included 
 a one-year sentence under house arrest with electronic monitoring where Department 
 first raised an objection to the sentence in a motion for reconsideration, 
 finding no objection was made to the sentences at the time of their imposition).