# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Archie More Hardin, Respondent.

Appellate Case No. 2018-002035

───────────────

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

───────────────

Appeal from Orangeburg County
Maité Murphy, Circuit Court Judge

───────────────

Opinion No. 27938
Heard January 15, 2020 – Filed January 29, 2020

───────────────

## DISMISSED

───────────────

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor David Michael Pascoe Jr., of Orangeburg, for Petitioner.

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Lara Mary Caudy, both of Columbia; and Daniel Carson Boles, of Boles Law Firm, LLC, of Charleston, for Respondent.

───────────────

**PER CURIAM:** Archie More Hardin was charged with several criminal offenses in connection with the robbery of a T-Mobile store in Orangeburg. After a pre-trial *Neil v. Biggers*[1] hearing, the trial court denied Hardin's motion to exclude the three victims' out-of-court and in-court identifications of him. Hardin was convicted of assault and battery of a high and aggravated nature (ABHAN), possession of a weapon during the commission of a violent crime, armed robbery, and three counts of kidnapping. Hardin appealed his convictions. The court of appeals held the trial court erred in allowing the three victims' identification testimony; however, the court of appeals held the error was harmless and affirmed Hardin's convictions in a published opinion. *State v. Hardin*, 425 S.C. 1, 819 S.E.2d 177 (Ct. App. 2018).

We granted the State's petition for a writ of certiorari.[2] While the State agrees with the court of appeals' decision to uphold Hardin's convictions, the State argues the court of appeals erred in holding the trial court should not have admitted the three victims' identification testimony. Specifically, the State argues the court of appeals misapplied the *Biggers* analysis and the abuse of discretion standard of review concerning the trial court's evidentiary rulings.

We hold the State is not aggrieved by the decision of the court of appeals in this case; therefore, we dismiss the writ of certiorari as improvidently granted. *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."); *State v. Rearick*, 417 S.C. 391, 398 n.9, 790 S.E.2d 192, 196 n.9 (2016) (alteration in original) ("[A]n aggrieved party is one who is injured in a legal sense or has suffered an injury to person or property." (quoting *State v. Cox*, 328 S.C. 371, 373, 492 S.E.2d 399, 400 (Ct. App. 1997))).

We express no opinion as to the propriety of the court of appeals' decision.

**DISMISSED.**


**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[1] 409 U.S. 188 (1972).

[2] Hardin did not petition for a writ of certiorari until oral argument before this Court. We deny his oral petition.