**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Christopher Stephen Quick, Respondent.

Appellate Case No. 2023-001621

―――――――――――

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2026-UP-186
Submitted April 23, 2026 – Filed April 29, 2026

―――――――――――

**AFFIRMED**

―――――――――――

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Appellant.

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Respondent.

―――――――――――

**PER CURIAM:**  The State appeals the circuit court's denial of its motion to reconsider Christopher Stephen Quick's sentence for second-degree criminal sexual conduct with a minor.  On appeal, it argues the circuit court abused its discretion when it awarded credit for time served under section 24-13-40 of the South

Carolina Code (2025) because Quick was placed under GPS monitoring with an exclusionary zone rather than monitored house arrest. We affirm pursuant to Rule 220(b), SCACR.

We hold this issue is not properly before this court because, although the State filed a motion to reconsider Quick's sentence, it did not contemporaneously object to his sentence. *See State v. Cox*, 328 S.C. 371, 373, 492 S.E.2d 399, 400 (Ct. App. 1997) ("[A]n illegal sentence cannot be challenged on direct appeal absent a contemporaneous objection. This concept applies to the State as well as to criminal defendants." (citation omitted)); *id.* at 372-73, 492 S.E.2d at 399-400 (holding the South Carolina Department of Probation, Parole, and Pardon Services's issue was not preserved when it filed a motion for reconsideration, but did not contemporaneously object to the defendant's sentences); *State v. Garner*, 304 S.C. 220, 222, 403 S.E.2d 631, 632 (1991) (finding a sentencing issue was not preserved because "[n]o objection to sentencing was raised at trial"); *State v. Hamilton*, 333 S.C. 642, 648, 511 S.E.2d 94, 97 (Ct. App. 1999) ("[I]t is improper to argue new matter in a motion for reconsideration."); *State v. Salisbury*, 330 S.C. 250, 276, 498 S.E.2d 655, 669 (Ct. App. 1998) ("[A]ny alleged error in sentencing . . . requires a contemporaneous objection to preserve the issue for appellate review."), *aff'd as modified*, 343 S.C. 520, 541 S.E.2d 247 (2001).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.